Slip Op. 09 - 109

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - - x
FUNAI ELECTRIC CO., LTD. and FUNAI       :
CORPORATION, INC.,
                                         :
           Plaintiffs,
                                         :
       v.                                     Court No. 09-00374
                                         :
UNITED STATES and UNITED STATES BUREAU
OF CUSTOMS AND BORDER PROTECTION,        :

           Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - x

<u>Opinion & Order</u>

[Defendants' motion to dismiss for lack of sub-
 ject-matter jurisdiction over this action for
 relief from U.S. Customs and Border Protection
 ruling of admissibility of DTVs alleged to be
 within purview of an exclusion order of the
 U.S. International Trade Commission granted.]

Decided: October 6, 2009

Morrison & Foerster LLP (<u>Karl J. Kramer</u>, <u>G. Brian Busey</u> and <u>Teresa M. Summers</u>) and <u>Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP</u> (<u>Harold M. Grunfeld</u>, <u>Robert B. Silverman</u> and <u>Frances P. Hadfield</u>) for the plaintiffs.

<u>Tony West</u>, Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director, <u>Franklin E. White, Jr</u>., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>Antonia R. Soares</u>); and <u>Barbara S. Williams</u>, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>Amy M. Rubin</u>); and Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection (<u>Michael W. Heydrich</u>), of counsel, for the defendants.

Jones Day (<u>Eric S. Namrow</u>, <u>Thomas V. Heyman</u> and <u>Cecilia R. Dickson</u>) for proposed intervenor-defendants Vizio, Inc., AmTran Technology Co., Ltd. and AmTran Logistics, Inc.

        O'Melveny & Myers LLP (Mark A. Samuels and Jonathan D. Hacker) for proposed intervenor-defendants TPV Technology, Ltd., TPV International (USA), Inc., Top Victory Electronics (Taiwan) Co., Ltd. and Envision Peripherals, Inc.

        Bingham McCutchen LLP (James Hamilton, Robert C. Bertin, Warren A. Fitch and Diane C. Hertz) for proposed intervenor-defendant Tatung Co.


        AQUILINO, Senior Judge:  Immediately upon the filing of plaintiffs' summons and complaint and applications for a temporary restraining order and preliminary injunction, the defendants and then would-be intervenor-defendants contested the Court of International Trade's subject-matter jurisdiction, supported by the filing of formal motions to dismiss this action for lack thereof. Hearings have been held, and the record developed and papers presented on all sides reveal the following:

                                        I

        Funai Corporation, Inc. is a wholly-owned U.S. subsidiary of Funai Electric Co., Ltd., a Japanese corporation that manufactures and markets consumer electronic products, including digital televisions ("DTVs") under such trade names as *Sylvania, Emerson, Magnavox, Philips*, and *Symphonic*. Effective September 30, 2007, all rights in U.S. Patent No. 5,329,369 (July 12, 1994), entitled "Asymmetric Picture Conversion", and U.S. Patent No. 6,115,074 (Sept. 5, 2000) ("System for Forming and Processing Program Map Information Suitable for Terrestrial, Cable and

Court No. 09-00374                                                    Page 3

Satellite Broadcast") were assigned to Funai Electric Co., which then filed a complaint with the U.S. International Trade Commission ("ITC"), alleging violations of those patents within the meaning of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. §1337. The Commission responded by publishing a formal notice of investigation, No. 337-TA-617, sub nom. In the Matter of Certain Digital Televisions and Certain Products Containing Same and Methods of Using Same, 72 Fed.Reg. 64,240,-241 (Nov. 15, 2007), as to

> whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain digital televisions and certain products containing same and methods of using same by reason of infringement of one or more of claims 1, 4, 5, 8, 9, and 23 of U.S. Patent No. 6,115,074 and claims 1-3, 5, 7, 10-13, 15, and 19-29 of U.S. Patent No. 5,329,369, and whether an industry in the United States exists as required by subsection (a)(2) of section 337[.]

Named as respondents were Vizio, Inc., AmTran Technology Co., Ltd., Polaroid Corporation, Petters Group Worldwide, LLC, Syntax-Brillian Corporation, Taiwan Kolin Co., Ltd., Proview International Holdings, Ltd., Proview Technology (Shenzhen) Co., Ltd., Proview Technology, Ltd., TPV Technology, Ltd., TPV International (USA), Inc., Top Victory Electronics (Taiwan) Co., Ltd., Envision Peripherals, Inc., and International Reliance Corp., which enterprises paragraph 5 of plaintiffs' instant complaint groups as follows:    (1) Vizio and AmTran; (2) TPV Technology, TPV

Court No. 09-00374                                                    Page 4

International, Top Victory, and Envision; (3) the Proview firms; (4) Polaroid and Petters; (5) Syntax-Brillian and Taiwan Kolin; and (6) International Reliance[1].

Proceedings before an administrative law judge of the ITC resulted in publication of his Initial Determination that

> a violation of section 337 . . . has occurred in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain digital televisions and certain products containing same and methods of using same by reason of infringement of claims 1, 5, and 23 of . . . Patent No. 6,115,074.  It is further found that no violation of section 337 has occurred in connection with claim 1, 3, 7, 19, or 21 of . . . Patent No. 5,329,369.

Plaintiffs' Complaint, Exhibit 1, first page.  This was followed by the judge's Recommended Determination on Remedy and Bonding [id., Exhibit 2] that suggested, among other things, that a limited exclusion order issue that covers each asserted patent found by the Commission to be infringed and that cease-and-desist orders issue as to the domestic respondents.  Plaintiffs' complaint proceeds to aver:

> 9.  On April 10, 2009, the Commission . . . affirmed the ALJ's determination with respect to the three claims found to be infringed.

---

[1] Footnote 1 to plaintiffs' paragraph 5 reports ITC termination of its investigation of International Reliance Corp. and also with regard to Polaroid and Petters, although "Polaroid - branded televisions manufactured and sold by Proview are covered by the remedial orders issued in this Investigation."

  10. Consistent with the ALJ's definition of the universe of accused products, the Commission determined that the DTVs at issue include **all** digital televisions made or imported by the Respondents that "process information received in the ATSC-compliant broadcast signal." *See* . . . Comm'n Op. at 4 . . . (Exhibit 3).

  11. The Commission held that all of the Respondents accused products infringe all asserted claims of the '074 Patent.

  12. On April 10, 2009, the Commission . . . issued a Limited Exclusion Order (the "Exclusion Order"), directing Customs to exclude all products that infringe the '074 Patent from entry into the United States, as well as Cease and Desist Orders, which are enforced by the Commission rather than Customs and are not at issue here. *See* . . . Notice of Commission Final Determination . . . (Exhibit 4).

  13. The Commission's Exclusion Order states in relevant part:

> Digital televisions and products containing same (known as "combination" or "combo" units) that are covered by one or more of claims 1, 5, and 23 of the '074 patent and that are manufactured abroad by or on behalf of[,] or are[] imported by or on behalf of[,] Vizio, AmTran, SBC, Taiwan Kolin, Proview International, Proview Shenzhen, Proview Technology, TPV Technology, TPV USA, Top Victory[,] and Envision or any of their affiliated companies, parents, subsidiaries, or other related business entities, or their successors or assigns, are excluded from entry for consumption into the United States, entry for consumption from a foreign-trade zone, or withdrawal from a warehouse for consumption, for the remaining term of the patent, except under license of the patent owner or as provided by law.

  14. The meaning of the phrase "covered by one or more of claims 1, 5, and 23 of the '074 patent" is

> clearly set forth in the Commission Opinion and the ALJ's Initial Determination, which the Commission adopted in significant part.
>
> 15. Consistent with the ALJ's definition of the universe of accused products, the Commission determined that the DTVs at issue include <u>all</u> digital televisions made or imported by the Respondents that "process information received in the ATSC-compliant broadcast signal." *See* . . . Comm'n Op. at 4 . . . (Exhibit 3).
>
> 16. By its plain terms, and also as intended upon the findings and analysis of the Commission, the Exclusion Order is not limited to any particular models of Respondents' DTVs.
>
> 17. The Exclusion Order covers all of Respondents' DTVs that conform to the Advanced Television Systems Committee ("ATSC") Standard, mandated by the Federal Communications Commission, to which the '074 Patent pertains. Because all digital televisions are required to process ATSC-compliant signals in the U.S., the products covered by the Commission's Exclusion Order include all digital televisions made or imported by the Respondents. In issuing its broadly-worded Exclusion Order, the Commission determined that the '074 Patent had been designated as essential to practice the ATSC standard, with which all televisions sold in the United States must be compliant by law. *See* . . . Comm'n Op. at 8-9. . . . The Commission also found that the Respondents "market their DTVs for the specific purpose of receiving ATSC compliant signals." *Id*.
>
> 18. Respondents raised the issue of whether they could import certain redesigned DTVs during the Investigation, but the Commission did not grant such permission. The Commission adopted the ALJ's findings that both their so-called "work around" products as well as their older "legacy" products infringe the asserted claims of the '074 patent. *See* . . . Comm'n Op. at 8. . . . Thus, the Commission issued its broadly-worded Exclusion Order that "all" of Respondents' products "that infringe" must be excluded.

Underscoring in original.

Court No. 09-00374																			Page 7

      To read further the complaint, paragraph 25 alleges that Vizio, Inc. and its manufacturer AmTran, as well as TPV and its affiliate Envision, "and perhaps others" requested *ex parte* a ruling from U.S. Customs and Border Protection ("CBP") pursuant to 19 C.F.R. §177 that current models of DTV's, which incorporate certain ATSC-compliant chipsets, are not covered by the ITC's exclusion order. Pursuant thereto, the CBP Intellectual Property Rights & Restricted Merchandise Branch issued HQ H067500 (Aug. 5, 2009), holding that

> three semiconductor chip samples submitted by or on behalf of Amtran Logistics, Inc., TPV International (USA), Inc., and Envision Peripherals, Inc., are not subject to Exclusion Order 337-TA-617. Therefore, DTVs that contain the . . . three semiconductor chips identified as Model BCM35243 (Broadcom), Model MT5382PTR (MediaTek), Model ZR39775HGCF-B(Zoran), and all functional equivalents of the aforementioned models, may be entered for consumption into the United States.

Plaintiffs' Complaint, Exhibit 8, Part C, p. 16. Whereupon the plaintiffs plead that questions regarding the scope and coverage of an ITC exclusion order are the sole authority of the Commission[2], that it retains the authority to make a dispositive ruling on infringement[3], and that CBP has <u>no authority</u> to change or fail to enforce a duly-issued ITC order of exclusion[4]. Hence, CBP's

---

[2] Complaint, para. 37.

[3] <u>Id</u>., para. 41.

[4] <u>Id</u>., para. 42 (emphasis in original).

unilateral interpretation of the scope of that order is *quo warrento* and *ultra vires*[5], and

> [p]ublicly available information indicates that, since the Commission's Exclusion Order became fully enforceable on July 29, 2009, Respondents have continued to import the redesigned DTVs and sell them to customers. . . .
>
> 45. If Customs permits Amtran, TPV and Envision to import the redesigned product, Funai will be irreparably harmed in a manner for which Funai will have no redress in a court of law.[6]

II

Before this particular court of law, the plaintiffs pray for judgment:

> A. . . . declar[ing] that Customs' Ruling HQ H067500 . . . that the alleged redesigned digital television products of Amtran Logistics, . . . TPV International (USA), Inc. . . . and Envision Peripherals, Inc. . . . that contain the . . . three semiconductor chips identified as Model BCM35243 (Broadcom), Model MT5382PTR (MediaTek), Model ZR39775HGCF-B (Zoran), and all functional equivalents of the aforementioned models, may be entered for consumption into the United States . . . is null and void and that the . . . Defendants[], together with their officers, agents and employees, . . . be . . . enjoined from enforcing [the] . . . Ruling . . .;
>
> B. [] declar[ing] that Customs' enforcement position as to the redesigned DTVs is arbitrary, capricious and an abuse discretion;

---

[5] Id., para. 46.

[6] Id., paras. 44 and 45 and 73 and 74.

Court No. 09-00374                                                      Page 9

      C. . . . setting aside Customs' enforcement position as to the redesigned DTVs;

      D. [] order[ing] that Customs communicate with the Commission as to the proper interpretation and scope of the exclusion order;

      E. [] order[ing] that Customs [] exclude (under 19 U.S.C. § 1337(d)(1)) or seize where appropriate (under 19 U.S.C. § 1337(i)) the redesigned DTVs and not allow admission of redesigned DTVs unless a determination of non-infringement is made by the Commission;

      F. [] declar[ing] that the redesigned DTVs are subject to the Commission Exclusion Order unless or until a determination of non-infringement is made by the Commission[;]

      G. [] order[ing] that Customs seek redelivery immediately of all unliquidated entries of redesigned DTVs that have been admitted into the customs territory of the United States since July 29, 2009;

      H. [] order[ing] that Customs issue explicit instructions to the ports, to Amtran, TPV and Envision stating that any redesigned DTVs are not entitled to admission into the United States unless a determination of non-infringement is made by the Commission; [and]

      I. If this Court permits Customs to use Rule 177 to determine whether redesigned DTVs are within the scope of the Exclusion Order, [] order[ing] that Customs provide Funai fair access to information exchanged and an opportunity to comment and be heard[.] . . .[7]

---

[7] Id., pp. 17-18.

A

The plaintiffs posit jurisdiction for such relief under subsections (h) and (i) of 28 U.S.C. §1581. They provide in pertinent part:

> (h) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.
>
> (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsection . . . (h) of this section . . ., the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
>
>> (1) revenue from imports or tonnage;
>>
>> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>>
>> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
>>
>> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsection . . . (h) of this section. . . .

These provisions emanate from the Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727, and, as indicated at the hearing on September 3, 2009, the undersigned has not doubted the intent of its framers that an action like this be subject to the jurisdiction of the Court of International Trade.  See generally H.R. Rep. No. 96-1235 (Aug. 20, 1980).  Indeed, when another holder of a U.S. patent, which had sought its enforcement via proceedings pursuant to 19 U.S.C. §1337 before the ITC, came to believe that the resultant exclusion order was not being properly enforced by CBP and commenced an action, CIT No. 05-00487, preliminary injunctive relief was granted therein based, in part, upon reading of Vivitar Corp. v. United States, 761 F.2d 1552, 1557-60 (Fed.Cir. 1985), cert. denied, 474 U.S. 1055 (1986), and U.S. Ass'n of Importers of Textiles & Apparel v. United States, 413 F.3d 1344, 1348 (Fed.Cir. 2005).  See Eaton Corp. v. United States, 29 CIT 1149, 395 F.Supp.2d 1314 (2005).

But subsequent reading does not lead this court to conclude that the current state of the law supports plaintiffs' position herein.  In Eaton Corp., the court opined that it did not have subject-matter jurisdiction under section 1581(h), supra.  See 29 CIT at 1161, 395 F.Supp.2d at 1324-25.  Nor has a review of cases properly brought thereunder revealed a party plaintiff in Funai's current circumstance.  See, e.g., Nat'l Juice Prods. Ass'n

v. United States, 10 CIT 48, 628 F.Supp. 978 (1986); American Frozen Food Inst., Inc. v. United States, 18 CIT 565, 855 F.Supp. 388 (1994); Ross Cosmetics Distrib. Ctrs., Inc. v. United States, 18 CIT 979 (1994); CPC Int'l v. United States, 19 CIT 978, 896 F.Supp. 1240 (1995), rev'd on other grounds sub nom. Bestfoods v. United States, 260 F.3d 1320 (Fed.Cir. 2001); Holford USA Ltd. v. United States, 19 CIT 1486, 912 F.Supp. 555 (1995); Heartland By-Prods., Inc. v. United States, 23 CIT 754, 74 F.Supp.2d 1324 (1999); Boltex Mfg. Co. v. United States, 24 CIT 972, 140 F.Supp.2d 1339 (2000); Pacific Cigar, Co. v. United States, 28 CIT 1931, 350 F.Supp.2d 1248 (2004).

    Moreover, plaintiffs' position herein does not entail any of the elements set forth in subsection 1581(i)(1) or (i)(2), supra. As for subsection (i)(3), neither an embargo nor quantitative restriction is at bar. See, e.g., K Mart Corp. v. Cartier, Inc., 485 U.S. 176 (1988). Which leaves subsection (i)(4), but that provision conjoins subsections (1)-(3) with subsection 1581(h), each of which is not apposite in this matter.

    The plaintiffs rely on Conoco, Inc., v. U.S. Foreign-Trade Zones Bd., 18 F.3d 1581, 1588 (Fed.Cir. 1994), to the effect that 28 U.S.C. §1581(i) gives the Court of International Trade "broad residual authority over civil actions arising out of federal

statutes governing import transactions". That it does. The court of appeals has subsequently reaffirmed, however, that the

> Court of International Trade, like all federal courts, is a court of limited jurisdiction. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed.Cir. 2006). It possesses only that power authorized by the Constitution and federal statutes, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 . . . (1994). In *Conoco*, we did not hold that the appellants were entitled to "non-statutory, judicially-granted" review. Instead, starting from the presumption that agency action is subject to judicial review, we analyzed various federal statutes in order to determine which statute provided jurisdiction over the appellants' case and, thus, where jurisdiction was proper (i.e., in the Court of International Trade or in the appropriate district court). *Conoco*, 18 F.3d at 1585-1590. *Conoco* provides no support for Sakar's concept of "non-statutory, judicially-granted" review.

<u>Sakar Int'l, Inc. v. United States</u>, 516 F.3d 1340, 1349 (Fed.Cir. 2008). As was true when plaintiffs Conoco, Inc. and Citgo Petroleum Corp. appeared before the Court of International Trade, the "restrictive statutory scheme of §1581(a)-(h) and its relationship to §1581(i) should be re-examined"[8], but that process remains the province of higher authority.

---

[8] <u>Conoco Inc. v. U.S. Foreign-Trade Zones Bd</u>., 16 CIT 231, 243, 790 F.Supp. 279, 289 (1992).

Court No. 09-00374

III

All that is clearly within the jurisdiction of this court *nisi prius* in view of the foregoing is to grant defendants' motion to dismiss plaintiffs' complaint.[9]  Judgment will enter accordingly.

So ordered.

Decided: New York, New York
October 6, 2009

/s/ Thomas J. Aquilino, Jr.
Senior Judge

---

[9] The court did not grant a temporary restraining order as a result of the hearing on September 3, 2009.  Given the required final disposition now, plaintiffs' application for a preliminary injunction must be, and it hereby is, denied.  Moreover, the pending motions of Vizio, Inc., AmTran Technology Co., Ltd., AmTran Logistics, Inc., TPV Technology, Ltd., TPV International (USA), Inc., Top Victory Electronics (Taiwan) Co., Ltd., Envision Peripherals, Inc., and Tatung Co. for leave to intervene as party defendants, as well as plaintiffs' motion for leave to file a sur-reply to some of them, can be, and each hereby is, dismissed.

Also, Defendant's Motion to Strike Portions of Plaintiffs' September 22, 2009 Filing can be, and it hereby is, dismissed.

J U D G M E N T

UNITED STATES COURT OF INTERNATIONAL TRADE

Thomas J. Aquilino, Jr., Senior Judge

```
- - - - - - - - - - - - - - - - - - - - - x
FUNAI ELECTRIC CO., LTD. and FUNAI      :
CORPORATION, INC.,
                                        :
              Plaintiffs,
                                        :
         v.                                 Court No. 09-00374
                                        :
UNITED STATES and UNITED STATES BUREAU
OF CUSTOMS AND BORDER PROTECTION.       :

              Defendants.               :
- - - - - - - - - - - - - - - - - - - - - x
```

This action having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; Now therefore, in conformity with said decision, it is

ORDERED, ADJUDGED and DECREED that defendants' motion to dismiss be, and it hereby is, granted; and it is further

ORDERED, ADJUDGED and DECREED that this action be, and it hereby is, dismissed.

Dated:  New York, New York
        October 6, 2009

                                          /s/ Thomas J. Aquilino, Jr.
                                                  Senior Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                       Deputy Clerk